McGuane, J.
This action brought by plaintiff Wiencek to recover for personal injuries allegedly suffered while employed by defendant Consolidated Rail Corporation (Conrail). Conrail answered, denying negligence and alleging contributory negligence on the part of the plaintiff. Interrogatories were filed by defendant, but not answered by plaintiff within the proper time. Conrail then filed a Rule 33 (a) application for entry of judgment of dismissal. Upon re-application, a judgment of dismissal was entered by the Court and plaintiff subsequently moved to vacate. This motion to vacate was allowed by the trial judge and Conrail has requested a report based on this ruling.
The relevant facts were as follows:
On June 26, 1986, Conrail, through its attorneys, Fitzhugh & Associates, served interrogatories on the plaintiff, and, at the same time, filed these interrogatories with the court. Answers to these interrogatories were due on August 11, 1986, however, none were received at that time. Shortly thereafter, Conrail’s attorneys contacted the plaintiff by mail to inquire about the overdue answers. This letter is attached as exhibit A’. Plaintiff, through his attorney, John F. Donahue, responded in writing, stating that he was in the process of answering the interrogatories. This letter is attached as exhibit ‘B’.
On October 10th, plaintiffs counsel was contacted by mail to inquire about the overdue discovery. This letter is attached as exhibit ‘C’. Because there was no response to this letter, defendant tried to contact the plaintiffs counsel by phone approximately five times between October 23rd, and December 8th, 1986, concerning the interrogatories. Assurances were given that the interrogatory answers would be forthcoming shortly, however, no answers were produced.
On December 12, 1986, Conrail filed an Application for entry of Final Judgment of Dismissal pursuant to Mass. R. Civ. P. 33(a), and served a copy of this application on the plaintiff. A copy of the Application and Certificate of Service is attached as exhibit ‘D’. Notice of this application was sent by the court to both parties on December 30,1986. A copy of this notice is attached as exhibit ‘E’. Conrail filed its Re-appication for Entry of Final Judgment of Dismisasl on February 4,1987, again serving a copy on the plaintiff. A copy of the Ré-application and Certificate of Service are attached as exhibit ‘F’.
*15 On March 4, 1987, one month after Conrail’s Re-application for Entry of Final J udgment of Dismissal was filed, plaintiff attempted to file answers to these interrogatories with the court. The clerk did not accept these answers for filing and, onMarch 10,1987, plaintiffs filed a motion slyled ‘Plaintiffs Motion to File Interrogatories Late.’ This motion, too, was not accepted by the clerk. Judgment was formally entered by the clerk on March 17,1987, and plaintiff filed a motion to vacate on March 19, 1987. Conrail opposed this motion on the grounds that plaintiff had failed to demonstrate any mistake, inadvertence or excusable neglect sufficient to vacate the judgment under Mass. R. Civ. P. 60.
The motion was heard by this court on March 31, 1987, and was allowed by this court on April 1,1987. A copy of this order is attached as exhibit ‘H.’
The defendant, Consolidated Rail Corporation, claiming to be aggrieved by this court’s decision to vacate the judgment in its favor, I hereby report the same to the appellate division for determination.
On the basis of the relevant facts reported by the able trial judge, it would appear that there was no abuse of discretion and the report is dismissed.
The trial judge who acted on this motion showed concern for two very important interests, they being fairness and justice.
It is the policy of the law to have every case tried on its merits and whenever possible to give a party his day in Court. The trial judge apparently found that no prejudice occurred to the defendant and that fairness and justice would be best served by his allowing the motion to vacate.
This matter eventually resolves to the question of whether or not the trial judge abused his discretion.
Applying those criteria as stated in Berube v. McKesson Wine & Spirit Company, 7 Mass. App. Ct. 426, 388 N.E. 309 (1979), it would appear that the plaintiff acted promptly after entry of the dismissal, that the claim has merit, that the alleged neglect occurred before trial, that the neglect was not a consciously chosen course of conduct, that the defendant was not prejudiced and finally, that the neglect was chargeable to the plaintiffs legal representative not to the plaintiff himself.
In this matter, it is apparent that the learned trial judge applied the correct legal principals and there was not an abuse of discretion.